Badzio v Americare Certified Special Servs., Inc. (2019 NY Slip Op 08389)





Badzio v Americare Certified Special Servs., Inc.


2019 NY Slip Op 08389


Decided on November 20, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JEFFREY A. COHEN
ROBERT J. MILLER
SYLVIA O. HINDS-RADIX, JJ.


2017-06984
2017-06985
 (Index No. 506155/16)

[*1]Tamara Badzio, etc., et al., respondents,
v
Americare Certified Special Services, Inc., et al., appellants.


Peckar & Abramson, P.C., New York, NY (Kevin J. O'Connor of counsel), for appellants.
Beranbaum Menken LLP, New York, NY (Jason J. Rozger of counsel), for respondents.



DECISION & ORDER
In a putative class action, inter alia, to recover damages for violations of Labor Law articles 6 and 19, the defendants appeal from (1) an order of the Supreme Court, Kings County (Martin M. Solomon, J.), dated June 15, 2017, and (2) an order of the same court dated June 22, 2017. The order dated June 15, 2017, denied the defendants' motion pursuant to CPLR 3211(a)(5) to dismiss, as time-barred, so much of the amended complaint asserted by the plaintiff Tamara Badzio as seeks damages for underpayment of wages prior to April 18, 2010, and so much of the amended complaint asserted by the plaintiff Larysa Salo as seeks damages for underpayment of wages prior to January 30, 2011. The order dated June 22, 2017, insofar as appealed from, denied the defendants' motion pursuant to CPLR 2201 to stay all proceedings in the action pending the determinations of appeals in the actions entitled Andryeyeva v New York Health Care, Inc., commenced in the Supreme Court, Kings County, under Index No. 14309/11, and Moreno v Future Care Health Servs., Inc., commenced in the Supreme Court, Kings County, under Index No. 500569/13, to the extent that the order only stayed the proceedings for 30 days, or alternatively pursuant to CPLR 3103 for a protective order.
ORDERED that the order dated June 15, 2017, is affirmed; and it is further,
ORDERED that the appeal from so much of the order dated June 22, 2017, as denied that branch of the defendants' motion which was pursuant to CPLR 2201 to stay all proceedings in the action pending the determinations of appeals in the actions entitled Andryeyeva v New York Health Care, Inc., and Moreno v Future Care Health Servs., Inc., is dismissed as academic; and it is further,
ORDERED that the order dated June 22, 2017, is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiffs.
The plaintiffs, home health aides who were employed by the defendants Americare [*2]Certified Special Services, Inc., and Americare, Inc. (hereinafter together Americare), and who often worked 24-hour "live in" shifts, seek to recover damages for underpayment of minimum, overtime, and "spread of hours" wages in violation of the Labor Law and New York State Department of Labor wage orders and regulations. The plaintiff Tamara Badzio, a current Americare home health aide, commenced this action on behalf of herself and all other similarly situated employees on April 18, 2016. An amended complaint adding Larysa Salo, a former Americare home health aide, as a named plaintiff was served on or about January 30, 2017.
Prior to serving their answer, the defendants moved pursuant to CPLR 3211(a)(5) to dismiss so much of the amended complaint asserted by Badzio as seeks damages for underpayment of wages prior to April 18, 2010, and so much of the amended complaint asserted by Salo as seeks damages for underpayment of wages prior to January 30, 2011, as time-barred by the six-year statute of limitations set forth in Labor Law § 198(3). In opposition, the plaintiffs contended that a prior putative class action commenced on behalf of Americare home health aides entitled Melamed v Americare Certified Special Servs., Inc., in the Supreme Court, Kings County, under Index No. 503171/12, in which the class action allegations had been dismissed, tolled the limitations period (see American Pipe & Constr. Co. v Utah, 414 US 538, 554). In an order dated June 15, 2017, the Supreme Court denied the defendants' motion. The court concluded that American Pipe tolling applied to successive class actions and, therefore, the plaintiffs' claims were timely.
Thereafter, the defendants moved pursuant to CPLR 2201 to stay all proceedings in this action pending the determinations of appeals in actions entitled Andryeyeva v New York Health Care, Inc., commenced in the Supreme Court, Kings County, under Index No. 14309/11, and Moreno v Future Care Health Servs., Inc., commenced in the Supreme Court, Kings County, under Index No. 500569/13, or, alternatively, pursuant to CPLR 3103 for a protective order. In an order dated June 22, 2017, the Supreme Court granted a 30-day stay of discovery of class-wide payroll records and, in effect, denied, as academic, the alternative relief sought in the defendants' motion.
An action to recover upon a liability imposed by Labor Law article 6 must be commenced within six years (see Labor Law § 198[3]; Gottlieb v Kenneth D. Laub & Co., Inc., 82 NY2d 457, 464; Dragone v Bob Bruno Excavating, Inc., 45 AD3d 1238, 1239). Similarly, an action to recover upon a liability imposed by Labor Law article 19 must be commenced within six years (see Labor Law § 663[3]). Thus, the plaintiffs may recover wages that were not paid during the six years that preceded the filing of the complaint if they are successful on their claims under Labor Law articles 6 and 19 (see Dragone v Bob Bruno Excavating, Inc., 45 AD3d at 1239; Doo Nam Yang v ACBL Corp., 427 F Supp 2d 327, 337-338 [SD NY]; see generally Gustafson v Bell Atlantic Corp., 171 F Supp 2d 311, 323-324 [SD NY]).
The defendants demonstrated, prima facie, that so much of the amended complaint asserted by Badzio as seeks damages for underpayment of wages prior to April 18, 2010, and so much of the amended complaint asserted by Salo as seeks damages for underpayment of wages prior to January 30, 2011, was time-barred (see Labor Law §§ 198[3]; 663[3]; O'Brien v County of Nassau, 164 AD3d 684, 685-686).
However, in opposition, the plaintiffs established that the statute of limitations was tolled by the rule set forth in American Pipe. "In American Pipe & Constr. Co. v Utah (414 US at 553), the United States Supreme Court held that, under the federal class action rule, commencement of a class action suit tolls the running of the statute of limitations for all purported members of the class who make timely motions to intervene after the court has found the suit inappropriate for class action status. New York courts have adopted this rule" (Osarczuk v Associated Univs., Inc., 130 AD3d 592, 595; see American Pipe & Constr. Co. v Utah, 414 US at 551-554; Desrosiers v Perry Ellis Menswear, LLC, 139 AD3d 473, 474, affd 30 NY3d 488; Clifton Knolls Sewerage Disposal Co. v Aulenbach, 88 AD2d 1024, 1025).
Subsequently, in Crown, Cork & Seal Co. v Parker (462 US 345, 350), the United States Supreme Court extended American Pipe tolling to putative class members seeking not to intervene, but rather to commence individual actions subsequent to denial of class certification (see id. at 351; see California Public Employees' Retirement System v ANZ Securities, Inc., ___ US ___, [*3]___, 137 S Ct 2042, 2053; Smith v Bayer Corp., 564 US 299, 313-314 n 10).
Neither American Pipe nor Crown, Cork & Seal Co. addressed whether tolling applies in the context of a subsequently filed class action as opposed to an individual action or intervention in the class action. The Second Circuit, however, held in Korwek v Hunt (827 F 2d 874), that "American Pipe does not apply to permit a plaintiff to file a subsequent class action following a definitive determination of the inappropriateness of class certification" (Korwek v Hunt, 827 F 2d at 879).
During the pendency of this appeal, the United States Supreme Court decided China Agritech, Inc. v Resh (___ US ___, 138 S Ct 1800), which limited American Pipe tolling to individual claims. The Court in China Agritech held that "American Pipe does not permit a plaintiff who waits out the statute of limitations to piggyback on an earlier, timely filed class action [as] [t]he efficiency and economy of litigation that support tolling of individual claims . . . do not support maintenance of untimely successive class actions" (China Agritech, Inc. v Resh, ___ US at ___, 138 S Ct at 1806 [citation and internal quotation marks omitted]).
No court has previously dismissed a class action involving the claims in this case based on the determination that class action status was inappropriate. In Melamed, the Supreme Court initially denied the plaintiffs' motion for class certification with leave to renew, but granted the defendants' subsequent motion pursuant to CPLR 3211(a)(7) to dismiss the class action allegations of the complaint on the basis that the plaintiffs had not timely moved for leave to renew their motion for class certification. Thus, while the dismissal of those class action allegations in effect denied the class relief sought by the plaintiffs in Melamed, the court never made a definitive determination of the inappropriateness of class certification. We note that this Court has since reversed the order in Melamed which dismissed the class action allegations (see Melamed v Americare Certified Special Servs., Inc., 168 AD3d 831, 831-833).
The situation faced by the United States Supreme Court in China Agritech was similar to that in Korwek, except that the class action had been preceded by the denial of class certification (China Ahritech Inc. v Resh, ___ US at ___, 138 S Ct at 1804-1805). Resolving a split in authority, the Supreme Court agreed with Korwek and held, in the circumstances where there has been denial of class certification, a putative class member may not "commence a class action anew beyond the time allowed by the applicable statute of limitations" (id. at 1804, 1811).
China Agritech thus stands for the proposition that American Pipe tolling does not save a subsequently filed class action when class certification previously has been denied. China Agritech, however, did not involve and did not address application of American Pipe tolling to a case like this one, where a court has not definitively determined the impropriety of class certification.
We find that, notwithstanding the defendants' argument to the contrary, applying American Pipe tolling under the circumstances, where a court has not previously addressed the impropriety of class certification, is consistent with the policies underlying the tolling doctrine: avoiding multiplicity of suits and vexatious litigation (see Betances v Fischer, 2019 WL 1213146, *8, 2019 US Dist LEXIS 32372, *20-23 [SD NY, 11-cv-3200 (RWL)]). Accordingly, we agree with the Supreme Court's denial of the defendants' motion to dismiss, as time-barred, so much of the amended complaint asserted by Badzio as seeks damages for underpayment of wages prior to April 18, 2010, and so much of the amended complaint asserted by Salo as seeks damages for underpayment of wages prior to January 30, 2011 (see Osarczuk v Associated Univs., Inc., 130 AD3d at 595).
The defendants' contention that all proceedings in the action should have been stayed pending the determinations of appeals in the actions entitled Andryeyeva v New York Health Care, Inc., commenced in the Supreme Court, Kings County, under Index No. 14309/11, and Moreno v Future Care Health Servs., Inc., commenced in the Supreme Court, Kings County, under Index No. 500569/13, has been rendered academic in light of the determination of those appeals (see Andryeyeva v New York Health Care, Inc., 153 AD3d 1216, revd 33 NY3d 152; Moreno v Future Care Health Servs., Inc., 153 AD3d 1254, revd Andryeyeva v New York Health Care, Inc., 33 NY3d [*4]152).
The defendants' remaining contention is without merit.
RIVERA, J.P., COHEN, MILLER and HINDS-RADIX, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court